UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WEBLOYALTY.COM, INC., MARKETING
AND SALES PRACTICES LITIGATION (NO. II)

| | |
|---|---|
| Patrick Berry v. Webloyalty.com, Inc., et al.,<br>    S.D. California, C.A. No. 3:10-1358<br>Liam Slyne v. Webloyalty.com, Inc., et al.,<br>    D. Connecticut, C.A. No. 3:10-1372 | MDL No. 2206 |

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendant Webloyalty.com, Inc. (Webloyalty) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Connecticut. This litigation currently consists of the two above-captioned actions, one each in the Southern District of California and the District of Connecticut. Plaintiff in the Connecticut action and California defendant MovieTickets.com support the motion. Defendant Visa, Inc., does not oppose centralization in the District of Connecticut. Plaintiff in the Southern District of California action opposes centralization. If the Panel deems centralization appropriate, this plaintiff suggests centralization in the Southern District of California.

After considering the papers and the hearing arguments, the Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. The Panel always carefully considers the views of the parties, particularly the defendants, who often have the most efficiencies to gain from centralization. Nevertheless, the facts and circumstances here persuade us otherwise.

Similar complaints about Webloyalty's online membership program already have been the subject of one now-settled MDL docket.[1] However, the current motion concerns only two actions now pending in two districts and Webloyalty has failed to convince us that the factual questions shared by these actions are either sufficiently complex or numerous to justify Section 1407 transfer at this time. *In re EasySaver Rewards Mktg. and Sales Practices Litig.*, 716 F.Supp.2d 1358, (J.P.M.L. 2010).

---

[*] Judge Kathryn H. Vratil took no part in the disposition of this matter.

[1] *In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation*, 474 F.Supp.2d 1353 (J.P.M.L. 2007) (involving four actions pending in two districts).

Case MDL No. 2206   Document 26   Filed 02/08/11   Page 2 of 2

-2-

Viable alternatives to transfer can minimize the possibilities of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004). In fact, at oral argument, plaintiffs in these two actions represented that they were prepared to coordinate their efforts to avoid overlapping proceedings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.   Barbara S. Jones
Paul J. Barbadoro